UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND SAFETY FUNDS, et
al.,

          Plaintiffs,

-against-

CHELMSFORD CONTRACTING CORP.,

          Defendant.
------------------------------------------------------------- x

MEMORANDUM & ORDER

15-cv-2255 (ENV) (JO)

VITALIANO, D.J.,

    Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity, and Apprenticeship, Skill Improvement and Safety Funds ("Funds") and The Highway, Road and Street Construction Laborers Local Union 1010 ("Local 1010") initiated this action on April 21, 2015 against defendant Chelmsford Contracting Corp. ("Chelmsford"), pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA"), to recover unpaid contributions to the Funds. On or about October 28, 2015, the parties entered into a stipulation in which Chelmsford agreed to pay a total of $871,951.40, in monthly installments, and filed with the court a motion for a consent judgment to be entered only if Chelmsford had failed to cure a default. When Chelmsford allegedly failed to make the first payment, on or about November 17, 2015, Funds and Local 1010 sent a deficiency letter in line with the stipulation and underlying settlement agreement. The default still uncured on December 7, 2015, plaintiffs filed an affirmation in support of their motion to enter the consent judgment.

    The motion was respectfully referred to Magistrate Judge James Orenstein, who, following a January 26, 2015 conference in which defendant agreed there was no legal basis to

1

deny the request to approve the consent judgment, entered a report and recommendation ("R&R") that plaintiff's relief be granted. R&R, January 26, 2015. The R&R gave the required notice that any objection had to be filed on or before February 12, 2016.

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation, and "may adopt those portions of the [r]eport . . . which are not facially erroneous." *Price v. City of N.Y.*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

In this instance, no objections have been filed, and the time to do so has passed. After careful review of the record, the Court finds the R&R to be correct and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
February 18, 2016

/s/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge